| | | |
|---|---|---|
| ROBERT COLVIN, | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | No. 3:19-cv-289 (KAD) |
| | : | |
| UCONN CORRECTIONAL MANAGED | : | |
| HEALTH CARE, et al. | : | |
| *Defendants*. | : | March 15, 2019 |

---

## INITIAL REVIEW ORDER

On February 27, 2019, the Plaintiff, Robert Colvin, a prisoner[1] currently confined at the Osborn Correctional Institution in Somers, Connecticut, brought a civil action *pro se* under 42 U.S.C. § 1983 against the UConn Health Correctional Managed Health Care and four of its employees: Dr. Ryan Millea, Dr. Joel Calafell, Dr. Jeanne Hunter, and Dr. Liang. Compl. (DE#1). The Plaintiff seeks damages and injunctive relief against the Defendants for violating his Eighth and Fourteenth Amendment rights. *Id.* at p.1, 5. On March 6, 2019, Magistrate Judge William I. Garfinkel granted the Plaintiff's motion to proceed *in forma pauperis*. *See* Order No. 7. For the following reasons, the complaint is dismissed without prejudice..

### Standard of Review

Under 28 U.S.C. § 1915A, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a Defendant

---

[1] The Court takes judicial notice that the Plaintiff is scheduled to be released from the custody of the Department of Correction on March 23, 2019. The Plaintiff is reminded that he must notify the Court of his new address in order to proceed with this case.

who is immune from such relief.  Although detailed allegations are not required, the complaint must include sufficient facts to afford the Defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief.  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007).  Conclusory allegations are not sufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic*, 550 U.S. at 570.  Notwithstanding, "[p]ro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'"  *Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

**Allegations**

On November 28, 2017, the Plaintiff went to the UConn Health Center ("UConn") and met with Dr. Millea for a pre-operative consultation for his hernia repair surgery.  Compl. at p.2.  Millea explained the benefits and risks of having the surgery to remove the mesh and resection of the nerve to relieve the pain.  *Id.*  After a lengthy discussion, Plaintiff elected to have the surgery.  *Id.*

On March 1, 2018, the Plaintiff returned to UConn for his operation.  Compl. at p.2.  His appointment was scheduled for 10:00 a.m.  *Id.*  The Plaintiff spoke with Dr. Millea's assistant, Dr. Calafell, and signed some papers.  *Id.*  He then spoke with Dr. Hunter, the anesthesia resident.  *Id.*

On March 5, 2018, four days after the surgery, the Plaintiff received a copy of his consultation form.  Compl. at p.2.  Upon reviewing the form, he realized that only partial

mesh was removed during the surgery. *Id.* He filed a grievance complaining that the entire mesh was supposed to be removed per his discussion with Millea. *Id.* Five days later, he filed an authorization form to obtain a copy of the surgical report. *Id.*

On March 27, 2018, the Plaintiff returned to UConn for a post-operative consultation with Dr. Millea. Compl. at p.3. There, he expressed concern to Millea that he was still experiencing pain in the groin area and asked why Millea had not removed the entire mesh as discussed during the pre-operative consultation. *Id.* Millea explained that there was too much scar tissue and fat encased in the mesh and that the Plaintiff should not be feeling any pain because part of the mesh was removed and the nerves were divided. *Id.* Millea also stated that he would recommend other options such as physical therapy and steroid injections. *Id.* Pl.'s Ex. D (DE#1 at 14). The Plaintiff has received "only one of those [options] to date." Compl. at p.3.

On April 10, 2018, the Plaintiff received copies of the surgical report and surgical pathology report. Compl. at p.3. In the surgical report, Dr. Calafell wrote the following: "We made sure before we closed [the aponeurosis] that, even though we released the scar tissue from the mesh, [t]he pelvic floor was still intact . . . the hernia was still intact, and the mesh was in good position." *Id.*; Pl.'s Ex. E (DE#1 at 16).

On July 10, 2018, the Plaintiff again returned to UConn where he met with Dr. Liang. Compl. at p.3. After a fifteen-minute discussion, Liang informed the Plaintiff that he would "have to live with this pain for the rest of [his] life." *Id.* The Plaintiff contends that the Defendants could have removed the entire mesh during the March 1, 2018 surgery but chose not to do so. *Id.* at p.4.

**Discussion**

The Plaintiff claims that the Defendants' failure to remove the entire mesh during his hernia operation, which resulted in his continuing pain and discomfort, violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution. Compl. at p.5.

To state a claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment, the Plaintiff must show both that his medical need was serious and that the Defendants acted with a sufficiently culpable state of mind. *See Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) (citing *Estelle v. Gamble*, 492 U.S. 97, 105 (1976)). There are both objective and subjective components to a deliberate indifference claim. *See Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). Objectively, the alleged deprivation must be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Subjectively, the Defendants must have been actually aware of a substantial risk that the Plaintiff would suffer serious harm as a result of their actions or inactions. *See Salahuddin v. Goord*, 467 F.3d 263, 280–81 (2d Cir. 2006). Allegations of mere negligence or medical malpractice do not rise to the level of deliberate indifference and are not cognizable under § 1983; *see id.* at 280; nor does a difference of opinion regarding what constitutes appropriate treatment or response to a medical need. *See Ventura v. Sinha*, 379 F. App'x 1, 2–3 (2d Cir. 2010); *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998).

Here, at best, the Plaintiff has stated a claim of medical malpractice against the Defendants for their failure to remove the entire mesh during the hernia operation. According to the Plaintiff, Dr. Millea explained that the reason for not removing the

entire mesh was that there was too much scar tissue and fat encased therein. Compl. p.3. That Plaintiff or even another physician disagrees with Millea's decision does not create an Eighth Amendment violation. *See Chance*, 143 F.3d at 703 (difference of opinion regarding appropriate treatment does not establish deliberate indifference). Accordingly, there are no allegations which would support a reasonable inference that any of the Defendants disregarded a substantial risk that the Plaintiff would suffer serious harm as a result of their conduct. The Eighth Amendment claim is dismissed.

The Plaintiff also brings his "cruel and unusual punishment" claim under the Fourteenth Amendment. *See* Compl. at p.5. The Fourteenth Amendment provides no such protection. To the extent he is attempting to raise a claim that the Defendants violated his right to due process under the Fourteenth Amendment, his claim is duplicative of his Eighth Amendment claim. *See Albright v. Oliver*, 510 U.S. 266, 273 (1994) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing [the] claim[]") (internal quotations omitted). As such, the Plaintiff has not alleged any facts which would support a Fourteenth Amendment due process claim.

**Order**

The complaint is dismissed without prejudice for failure to state a plausible constitutional claim. However, the Plaintiff may file an amended complaint within thirty (30) days from the date of this Order with additional facts showing that the individual Defendants acted with deliberate indifference to his serious medical needs. Failure to file

an amended complaint that complies with these instructions within thirty (30) days from the date of this Order, the Court shall dismiss the case with prejudice.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 15th day of March 2019.


__/s/_____
Kari A. Dooley
United States District Judge